IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DERIC LAVELLE MAY,<br>(AIS #: 209534)<br><br>Plaintiff,<br><br>vs.<br><br>WALTER MEYERS, *et al.*,<br><br>Defendants. | *<br>*<br>*<br>*<br>*<br>*  CIVIL ACTION NO.14-00271-KD-B<br>*<br>*<br>*<br>* |

**REPORT AND RECOMMENDATION**

Plaintiff Deric LaVelle May commenced this action by filing a complaint alleging violations of 42 U.S.C. § 1983 and a motion for leave to proceed *in forma pauperis* (Docs. 1, 2). This action has been referred to the undersigned for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4). For the reasons set forth below, it is recommended that this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

Title 28 U.S.C. § 1915(g) prohibits a prisoner from proceeding *in forma pauperis* in civil actions under certain circumstances. It provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous,

1

> malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

The purpose of this section is to curb abusive prisoner litigation by requiring a prisoner who has had three actions or appeals dismissed as meritless to pay the full filing fee when his next action is filed. Dupree v. Palmer, 284 F. 3d 1234, 1236 (11th Cir. 2002); Vanderberg v. Donaldson, 259 F.3d 1321, 1324, (11th Cir. 2001). "The only exception to section 1915(g) is if the frequent filer prisoner is 'under imminent danger of serious physical injury.'" Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998), overruled on other grounds by Jones v. Bock, 549 U.S. 199, 215-16 (2007); see also Brown v. Johnson, 387 F.3d 1344, 1349 (11th Cir. 2004) (the "Eleventh Circuit [has] determined that a prisoner must allege a present imminent danger, . . .under section 1915(g) . . .."); Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999) (Plaintiff could not proceed under § 1915(g) because he failed to allege "that he was in imminent danger of serious physical injury at the time he filed his Complaint or that he was in jeopardy of any ongoing danger.").

The Court has taken judicial notice of its records, which reveal that May has filed at least three cases that have been dismissed as frivolous or for failure to state a claim upon

2

which relief could be granted, namely: May v. Culliver, Case No. 1:10-cv-00121-CG-C (Southern District of Alabama) (complaint and amended complaint dismissed as frivolous, prior to service of process) (see Docs. 19, 35, 39, 40); May v. Culliver, USCA Case Number 12-11518 (Eleventh Circuit Court of Appeals) (appeal dismissed as frivolous) (see Case number 1:10-cv-00121-CG-C (Southern District of Alabama) (Doc. 59)); May v. Patterson, Case No. 1:12-cv-00703-KD-N (Southern District of Alabama) (complaint dismissed as frivolous) (see Docs. 14, 17, 18); and, May v. Patterson, USCA Case Number 13-14949-C (Eleventh Circuit Court of Appeals) (appeal dismissed as frivolous) (see Case number 1:12-cv-00703-KD-N (Southern District of Alabama) (Doc. 39)). Thus, May's current filing comes squarely within the ambit of 28 U.S.C. § 1915(g), which precludes him from filing the instant action *in forma pauperis* unless he is "under imminent danger of serious physical injury."

A searching review of May's instant complaint fails to reveal any facts that suggest that he was "under imminent danger of serious physical injury" at the time he filed this action. In his complaint, which was filed on May 26, 2014,[1] May discusses

---

[1] Under the mailbox rule, absent contrary evidence, a prisoner's complaint is deemed filed on the date it is delivered to prison officials for mailing. See Houston v. Lack, 487 U.S. 266, 271-72, 108 S. Ct. 2379, 101 L. Ed. 2d 245 (1988); Adams v. United States, 173

3

the conditions at Holman Correctional Facility ("Holman"). (Doc. 1 at 4-5, 8-18). According to May, the Holman facility houses more inmates than its "designed capacity" and it is unsanitary and understaffed. (Id., at 4). May contends that on account of the overcrowding and understaffing, he and other inmates are at risk for "fights, assaults, stabbings, and death." (Id.). He stresses that the conditions at Holman create a "true potential for violence." (Id., at 5). May contends that Defendants' "deliberate indifference to his basic human needs of space, ventilation, [and] sanitation," as well as their "deliberate indifference to the substantial risk of serious physical violence to which [he] is exposed and to the conditions which serve to increase that risk" are a violation of his rights.

The Court finds that accepting May's assertions as true, they are not sufficient to establish that he was under "imminent danger of serious physical injury" at the time he filed this action. Thus, this case does not come within § 1915(g)'s exception. May's generalized, conclusory allegations regarding conditions at Holman, his exposure to violence, and his risk of potential violence in the future do not sufficiently address the "imminent danger of serious bodily injury" requirement so as to

---

F.3d 1339, 1340-41 (11th Cir. 1999); Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001); see also (Doc. 1 at 7).

4

meet the § 1915(g) "imminent danger" exception.  Thus, this case should be dismissed.

As noted *supra*, "[i]n this Circuit, a prisoner who is no longer entitled to proceed *in forma pauperis* must pay the filing fee at the time he initiates the suit, and failure to do so warrants dismissal without prejudice." Doss v. Henry, 2008 U.S. Dist. LEXIS 109706 (N.D. Fla. Dec. 12, 2008); Dupree, 284 F.3d at 1236 ("The prisoner cannot simply pay the filing fee after being denied *in forma pauperis* status [pursuant to the three strikes provision of § 1915(g)].  He must pay the filing fee at the time he initiates the suit.").

Because May did not pay the $350.00 filing fee at the time that he filed the instant action and because he has failed to meet the "under imminent danger of serious physical injury" exception provided in § 1915(g), this action is due to be dismissed without prejudice.  Accordingly, it is recommended that May's Motion to Proceed Without Prepayment of Fees (Doc. 2) be **DENIED**, and that this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

### Notice of Right to File Objections

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to this recommendation or anything in it must, within

5

fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. L.R. 72.4. The parties should note that under Eleventh Circuit precedent, "the failure to object limits the scope of [] appellate review to plain error review of the magistrate judge's factual findings." Dupree v. Warden, Attorney General, State of Alabama, 715 F.3d 1295, 1300 (11th Cir. 2011). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **16th** day of **June, 2014.**

                                             /s/ SONJA F. BIVINS
                                  **UNITED STATES MAGISTRATE JUDGE**